ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, Lawrence Shin Yee appeals his no contest plea to driving under the influence (DUI), which was entered in the Lyndhurst Municipal Court. He assigns the following error for our review:
 {¶ 2} "There is no competent, credible evidence in the record to support the officer's allegations that the Yee vehicle had committed the lane violations that formed the basis for the traffic stop. This being the case, the stop was not supported by probable cause and all evidence that was seized as a result thereof must be suppressed."
 {¶ 3} Having reviewed the record and pertinent law, we affirm Yee's conviction. The apposite facts follow.
 {¶ 4} Yee was charged with driving under the influence, having a breath alcohol concentration of .165, and a weaving violation, pursuant to Lyndhurst Codified Ordinances 434.01(A)(1), 434.01(A)(2), and 432.38, respectively. Yee filed a motion to suppress contending that there was no probable cause to justify the traffic stop. A hearing was conducted on the motion.
 {¶ 5} The evidence at the hearing indicated that on July 31, 2003, Yee was driving in Lyndhurst, Ohio at approximately 2:04 a.m. Officer Tracey stopped Yee after observing Yee's car touch the double yellow centerline three times. Although he videotaped the event from his zone car, the quality of the tape was poor because the camera was located on the passenger side of the vehicle. Yee's friend was also driving a Hummer between Yee and the officer, blocking the view of the camera.
 {¶ 6} The officer approached the stopped vehicle and requested Yee's driver's license. The officer noticed a strong odor of alcohol emanating from the vehicle. Yee's speech was also mumbled and slurred; his eyes were glassy and bloodshot. Upon Yee's failing the finger dexterity test, the officer ordered Yee from his vehicle in order to conduct field sobriety tests. Yee failed the horizontal gaze nystagmus, walk and turn, and one-leg stand tests. Thereafter, Yee was arrested for driving while under the influence and cited for weaving.
 {¶ 7} After considering this evidence, the trial court denied Yee's motion to suppress. Thereafter, Yee changed his plea to "no contest." The trial court found him guilty and sentenced him to thirty days in jail with twenty-seven days suspended. He was also fined $550, and his operator's license was suspended for 180 days. Yee was also fined $50 for weaving. His sentence was stayed pending appeal.
 {¶ 8} In his sole assigned error, Yee argues the officer's stop of his vehicle was without probable cause; thus, the trial court erred by denying his motion to suppress.
 {¶ 9} We begin our analysis with the appropriate standard of review. The court in State v. Lloyd[1] stated, "our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. * * * This is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard."[2]
 {¶ 10} In Terry v. Ohio,[3] the U.S. Supreme Court held a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes the individual is engaged in criminal activity. In justifying a Terry-type intrusion, however, the police officer may not rely upon a mere hunch or an unparticularized suspicion.[4] "The police officer must be able to point to specific and articuable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."[5]
 {¶ 11} Yee first contends the trial court's decision was not based on competent, credible evidence because the evidence indicated the officer was merely acting on a "hunch" in pursuing him.
 {¶ 12} Officer Tracey could not explain why he pursued Yee prior to seeing him swerve; however, he did not stop Yee until he observed Yee's vehicle swerve three times. At this point, he had a valid reason for stopping Yee. "Where an officer has an articulable, reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid."[6] Because the officer witnessed Yee driving erratically, we conclude the stop of his vehicle was valid.
 {¶ 13} Yee next contends that the officer's testimony was not credible because the officer testified that Yee backed up his vehicle illegally; however, Yee was not cited for this traffic violation. In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.[7] Thus, we defer to the trial court to resolve issues of credibility.
 {¶ 14} Yee finally argues the videotape of the incident fails to corroborate the officer's testimony. Our review of the tape revealed it is of poor quality. Officer Tracey testified that the camera was located on the passenger side of the car and, therefore, did not depict his vantage point on the driver's side. Officer Tracey, however, testified that he "clearly" observed Yee's car weave three times toward the middle of the road. Because the trial court, during a suppression hearing, is in the best position to resolve questions of fact and evaluate the credibility of witnesses, we defer to the trial court in resolving any conflicts in the evidence. Accordingly, Yee's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Cooney, J., Concur.
[1] (1998), 126 Ohio App.3d 95.
[2] Id.
[3] (1968), 392 U.S. 1.
[4] State v. Ford (1989), 64 Ohio App.3d 105.
[5] Terry, 392 U.S. at 21.
[6] Dayton v. Erickson, 76 Ohio St.3d 3, 11-12; 1996-Ohio 431.
[7] State v. Hopfer (1996), 112 Ohio App.3d 521.