JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Alton Ware ("Ware"), appeals the trial court's denial of his motion to suppress. Finding no merit to the appeal, we affirm.
 {¶ 2} In December 2006, Ware was charged with carrying a concealed weapon, drug possession, and two counts of having a weapon while under disability. In March 2007, he moved to suppress the crack cocaine and gun seized during his traffic stop. The trial court denied his motion after a full hearing. The following facts were adduced at the hearing.
 {¶ 3} In November 2006, Cleveland police officers David Harris ("Harris") and Brian Todd ("Todd") were patrolling the area of East 143rd Street and Kinsman Avenue in Cleveland. Harris testified that he observed a vehicle driven by Ware make a right turn into a gas station without using a turn signal. After the vehicle exited the gas station, Harris conducted a traffic stop. He approached the driver's side of the vehicle, and Todd approached the passenger side.[1] Harris advised Ware of the reason for the stop and asked for his driver's license and insurance information. Ware immediately handed the officer his driver's license, but had to search for the insurance information. While Ware was looking for his insurance information, Harris asked him if he had any weapons, drugs, or contraband in the vehicle.[2] Ware replied that he had a crack pipe in his sock. Ware was instructed to *Page 4 
exit the vehicle. Once he was outside, Ware reached into his sock and produced the crack pipe. The officers then arrested him and placed him in the police cruiser. The officers wanted to complete an inventory search of the vehicle incident to Ware's arrest, so they asked Taylor to exit the car. After she exited, they observed crack cocaine on the passenger seat and arrested her. During the subsequent search of the car, Todd found a gun under the driver's seat. At that point, Todd advised Ware of his Miranda rights and asked him about the gun. Ware stated that he did not have a permit and the gun belonged to his mother.
 {¶ 4} Ware's version of the facts differed from Harris' testimony. Ware claimed that he used his turn signal when he turned into the gas station. Ware then testified that when Harris pulled him over, he asked him where he was coming from and for his driver's license and insurance information. Ware testified that he told Harris "you just saw me leave the gas station." Harris then told him not to get smart and to get out of the car. Harris then instructed Ware to put his hands on the car. His pockets were emptied and he was searched. Harris asked him if he had any weapons or drugs on his person. Ware replied that there "might be a crack pipe in my sock." After that, Ware testified that he was arrested and placed in the police cruiser. He also testified that he could not recall being Mirandized before Harris asked him if he had any drugs or weapons. *Page 5 
 {¶ 5} The trial court denied the motion to suppress, finding that the stop was lawful because of the signal violation.[3] The court also found that the traffic stop was not custodial and Harris was not required to advise Ware of his Miranda rights. The court concluded that Harris' contraband inquiry was reasonable. Ware pled no contest to the indictment, and the trial court sentenced him to one year of community control sanctions.
 {¶ 6} Ware now appeals, raising one assignment of error, in which he argues that the trial court erred when it denied his motion to suppress.
 {¶ 7} In reviewing a trial court's ruling on a motion to suppress, the reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 528 N.E.2d 542;State v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. State v. Curry (1994), 95 Ohio App.3d 93,96, 641 N.E.2d 1172, citing, State v. Schiebel (1990), 55 Ohio St.3d 71,564 N.E.2d 54. This is appropriate because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." Lyndhurst v. Shin Yee, Cuyahoga App. No. 84720, 2005-Ohio-624, quoting State v. Lloyd (1998), 126 Ohio App.3d 95,709 N.E.2d 913. The reviewing court, however, must decide de novo whether, as a *Page 6 
matter of law, the facts meet the appropriate legal standard.Curry; see also, State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906.
 {¶ 8} Ware contends that the seizure of crack cocaine and the gun violated his constitutional rights. He maintains that trial court erred in finding that he was not in custody when he was questioned by Harris. Ware further maintains that he was protected by Miranda v. Arizona
(1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and entitled to be advised of his right against self-incrimination.
 {¶ 9} In Miranda, the United States Supreme Court held that an individual must be advised of his or her constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his or her freedom in any significant way. Any statement given under custodial police interrogation, without the Miranda warnings first being given, may later be excluded from use by the State in any resulting criminal prosecution. Id.
 {¶ 10} The warnings set forth in Miranda are only required when the individual is subject to a "custodial interrogation." California v.Beheler (1983), 463 U.S. 1121, 1122, 103 S.Ct. 3517, 77 L.Ed.2d 1275. A custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."Miranda. "The determination whether a custodial interrogation has occurred requires an inquiry into how a reasonable man in the suspect's position would have understood his situation. * * * The ultimate inquiry is simply whether there is a formal *Page 7 
arrest or restraint on freedom of movement of the degree associated with a formal arrest." State v. Martin Montgomery App. No. 19186, 2002-Ohio-2621, citing State v. Biros (1997), 78 Ohio St.3d 426, 440,678 N.E.2d 891; Beheler[4]
 {¶ 11} In Berkemer v. McCarty (1984), 468 U.S. 420, 425,104 S.Ct. 3138, 82 L.Ed.2d 317, the United States Supreme Court held that individuals who are temporarily detained pursuant to roadside traffic stops are not "in custody" for Miranda purposes. In Fairview Park v.Hejnal (Jan. 19, 1995), Cuyahoga App. No. 67506, this court followedBerkemer and recognized that Miranda warnings are not required prior to mere roadside questioning after a routine traffic stop, stating:
 "In Berkemer v. McCarty (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317, the United States Supreme Court ruled that the roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute custodial interrogation for the purposes of the Miranda rule. See, Ohio v. Sendak (June 21, 1989), Mahoning App. No. 88 C.A. 160. The Berkemer court noted that although an ordinary traffic stop curtails the freedom of action of the detained motorist and imposes some pressures on the detainee to answer questions, such pressures do not sufficiently impair the detainee's exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights. Berkemer at 421. The Court stated that `* * * In short, the atmosphere surrounding an ordinary traffic stop is substantially less `police dominated' than that surrounding the kinds of interrogation at issue in Miranda itself, * * *.' Id. at 438-439. `* * * the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation.' Id. Paragraph two of the syllabus." *Page 8 
 {¶ 12} Ware cites State v. Farris, 109 Ohio St.3d 519, 2006-Ohio-3255,849 N.E.2d 985, in support of his position that he was in custody for purposes of Miranda. However, Farris is distinguishable from the instant case. In Farris, Trooper Menges ("Menges") stopped Farris for speeding. The officer smelled burnt marijuana coming from inside the vehicle when Farris opened the window. Menges asked Farris to step out of the car, patted him down, and then placed him in the police cruiser. While in the cruiser and before administering a Miranda warning, Menges told Farris that he smelled marijuana and was going to search the car. He then asked Farris if there were any drugs or drug devices in the car. Farris admitted that there was a "bowl," i.e., a marijuana pipe, in his trunk. The court found Farris in custody and held that Section 10, Article I of the Ohio Constitution provides greater protection to criminal defendants than the Fifth Amendment so that Ohio's constitutional protection against self-incrimination extends to physical evidence seized as a result of pre-Miranda statements. Id.
 {¶ 13} In the instant case, Harris testified at the suppression hearing that he advised Ware of the nature of the stop when he approached Ware's vehicle. Harris asked Ware if he had any weapons, drugs, or contraband in the vehicle as Ware looked for his insurance information. Ware replied that he had a crack pipe in his sock. Ware claimed that he was first ordered out of the vehicle, patted down, and asked if he had any weapons or drugs before being advised of hisMiranda rights. Despite Ware's testimony, the trial court found Harris' testimony to be more credible *Page 9 
and denied his motion to suppress. Since the trial court, during a suppression hearing, is in the best position to resolve questions of fact and evaluate the credibility of witnesses, we defer to the trial court in resolving any conflicts in the evidence.
 {¶ 14} Furthermore, although Harris' question may have been inappropriate, it did not convert an investigative stop into a formal arrest or a restraint on Ware's freedom to the degree commonly associated with an arrest. See Martin. Thus, we find that the trial court correctly concluded that the interaction between Harris and Ware did not amount to a custodial interrogation and therefore, noMiranda warnings were required at that time. Accordingly, the trial court correctly denied Ware's motion to suppress.
 {¶ 15} Therefore, the sole assignment of error is overruled. Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and MELODY J. STEWART, J., CONCUR.
[1] Codefendant, Kim Taylor ("Taylor"), was sitting in the passenger seat.
[2] Harris testified that he normally asks this question for safety purposes. Harris also testified that he stopped Ware at 4:00 a.m. in an area where he had made numerous arrests in the past.
[3] Ware received a citation for failure to use his turn signal.
[4] In Martin, the defendant was stopped for jaywalking. The area of the stop was a high crime area and the officer knew that people in this area were often armed. The officer asked Martin if there was anything on her that he needed to know about, such as weapons or drugs. Martin admitted that she had a crack pipe. After placing Martin under arrest and informing her of her Miranda rights, she admitted to using cocaine the previous night. The Second District Court of Appeals found that since Martin was not in custody, the officer was not required to issueMiranda warnings before questioning the defendant. *Page 1