[Cite as *State v. Arguelles*, 2012-Ohio-357.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96800**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DANIEL ARGUELLES

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543000

**BEFORE:** Jones, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: Alison Foy
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Mark B. Marein
Marein & Bradley
222 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114


LARRY A. JONES, J.:

{¶ 1}  Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to grant defendant-appellee's, Daniel Arguelles, motion to suppress.  For the reasons that follow, we affirm.

{¶ 2}  On October 12, 2010, Parma police officer Matt Daves approached a vehicle that was sitting in the street with its engine on, but unattended.  He proceeded to write a ticket when Arguelles approached him and told the officer that the car was his.

The officer issued the citation and handed it to Arguelles. He first told Arguelles he was free to go, but then asked if he could search the car to see if there was drug paraphernalia in it. Arguelles told the officer there was no reason to search the car, but the officer persisted. Eventually Arguelles told the officer that he had just "smoked a blunt" and the officer placed him in handcuffs. Another officer used his flashlight to look inside the car and saw a "baggie" of suspected marijuana on the passenger-side floor. The officer then searched the car and found marijuana and pills. Arguelles told the officers the pills were Percocet and Valium.

{¶ 3} Arguelles was charged with drug trafficking (methamphetamine) and two counts of possession of drugs (methamphetamine and oxycodone). He filed a motion to suppress evidence and statements. The state opposed the motion and then dismissed the drug trafficking charge and one count of drug possession because the substances charged in those counts turned out not to be controlled substances. The state proceeded on the remaining count of the indictment: one count of drug possession (oxycodone).

{¶ 4} At the hearing on the motion to suppress, the parties and the court agreed that the court would make its decision based on the briefs and a dash cam video of the incident. No testimony was taken.

{¶ 5} The trial court granted the motion to suppress in part, suppressing all of Arguelles's statements to police officers. The court further denied the motion in part, not suppressing what the officers saw in plain view in Arguelles's car. In so ruling, the trial court stated in its journal entry, in part, as follows:

At 1:25:19 [a.m.] the officer tells the defendant that he is free to leave but then begins to ask permission to search the interior of the defendant's car. The defendant does not agree to allow the search and the officer continues to press the defendant to allow him to search the car. The officer begins to place handcuffs on the defendant at 1:25:55 [a.m.] and continues to interrogate the defendant. It was not until 1:27:00 [a.m.] that the officer advises the defendant of his *Miranda*[1] rights. The defendant provided admissions about items in his car both before and after receiving the *Miranda* warning. * * * The questioning of the defendant was improper as set forth in the *Farris*[2] decision. Consistent with that holding by the Ohio Supreme Court, both the pre-*Miranda* and post-*Miranda* statements of the defendant are suppressed and may not be admitted at trial.

However, due to noticing an odor of marijuana about the defendant, the officers had every right to make a plain view search of the defendant's car and the questioning officer's partner did so with a flashlight prior to the search of the interior of the car. All evidence viewed through the plain-view search is admissible for trial.

{¶ 6} The state filed a notice of appeal pursuant to Crim.R. 12(K), raising one assignment of error for our review, contending that the trial court erred in granting Arguelles's motion to suppress.

{¶ 7} In *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8, the Ohio Supreme Court explained that

> appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. (Internal citations omitted.)

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1996).

[2] *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985.

{¶ 8} In *Miranda*, the United States Supreme Court held that an individual must be advised of his or her constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his or her freedom in any significant way. Any statement given under custodial police interrogation, without the *Miranda* warnings first being given, may later be excluded from use by the State in any resulting criminal prosecution. *Id.*

{¶ 9} The warnings set forth in *Miranda* are only required when the individual is subject to a "custodial interrogation." *California v. Beheler*, 463 U.S. 1121, 1122, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983). A custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda* at 444.

> The determination whether a custodial interrogation has occurred requires an inquiry into how a reasonable man in the suspect's position would have understood his situation. * * * The ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *State v. Ware*, 8th Dist. No. 89945, 2008-Ohio-2038, 2008 WL 1903993, ¶ 10, citing *State v. Martin*, 2d Dist. No. 19186, 2002-Ohio-2621, 2002 WL 1042066.

{¶ 10} In this case, the trial court relied on the Ohio Supreme Court's decision in *Farris*, supra. In *Farris*, a police officer noticed the odor of burnt marijuana coming from inside the car during a traffic stop. The officer asked the driver to step out of the car, patted the driver down, and placed him in the front seat of the patrol car. Without providing *Miranda* warnings, the officer asked the driver about the smell of marijuana

and told him he was going to search the car. At that point, the driver admitted that a marijuana pipe was in a bag in the trunk.

{¶ 11} The *Farris* Court found that "the officer's treatment of Farris after the original stop placed Farris in custody for practical purposes." *Id.* at ¶ 14. The Court held the only relevant inquiry in determining whether a person is in custody is "how a reasonable [person] in the suspect's position would have understood [their] situation." *Id.* The Court determined that a reasonable person in Farris's position would have understood himself to be in custody of a police officer, because the officer (1) patted down Farris; (2) took his car keys; (3) instructed him to enter the cruiser; and (4) told Farris that he was going to search Farris's car because of the scent of marijuana. *Id.* The Court concluded that the defendant's pre-*Miranda* and post-*Miranda* statements were inadmissible.

{¶ 12} We agree with the trial court that the issue here is whether Arguelles was in custody at the time the officer asked him to search his car. The state distinguishes *Farris*, citing the fact that the police took Farris's keys and put him in a patrol car before questioning him. The difference in this case, the state contends, is that Officer Daves told Arguelles he was free to go and then proceeded to ask him a couple more questions. According to the state, it is clear that Arguelles was not in custody at the time; therefore, the officer did not err by questioning him prior to giving him his *Miranda* warning.

{¶ 13} Arguelles argues that he was in custody at the time the officer interrogated

him because, for nearly a minute, the officer repeatedly asked him if he could search the car despite Arguelles's repeated refusals.

{¶ 14} Although, as the trial court noted, the facts of *Farris* are somewhat distinguishable from the facts of this case, Arguelles was "in custody" for practical purposes. Officer Daves told Arguelles he was free to go, but then immediately and repeatedly asked him if he could search his car. Arguelles told the officer that there was no reason to search the car, but the officer persisted in asking if he could search that car and questioned, "so if I call in a drug dog and have him take a sniff around the car * * *." During the repeated questioning, Arguelles admits he had just "smoked a blunt," and raises his hands up. Officer Daves put Arguelles's arms down, turned him around, and held Arguelles's hands together until his partner located the drugs in Arguelles's car. Once the drugs were located, Daves indicated to Arguelles that he was under arrest and started to handcuff him. He then continued to question him for nearly a minute before finally administering the *Miranda* warning.

{¶ 15} The officer's continued questioning of Arguelles coupled with the physical restraint, however slight, of holding Arguelles's hands behind his back was improper absent a *Miranda* warning. Therefore, the trial court correctly suppressed Arguelles's statements to police officers.

{¶ 16} The assignment of error is overruled.

Judgment affirmed and case remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,  JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR