JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Amatto Thompson appeals the trial court's denial of his motion to suppress. He assigns the following error for our review: *Page 2 
"I. The trial court erred in denying appellant's motion to suppress."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 Suppression Hearing {¶ 3} On September 3, 2005, at around 3:00 a.m., Officers David Wagner and Brian Davis observed Amatto Thompson's vehicle run a red light at the intersection of West 88th and Almira. The officers pulled Thompson's vehicle over. As they approached the car, Thompson rolled down his driver's side window and stuck his arm out with his driver's license in his hand. As Officer Wagner retrieved the license, he could smell a strong odor of marijuana coming from the car. He asked Thompson if he had been smoking marijuana; Thompson responded that he had not recently, but had the previous day.
 {¶ 4} The officer asked him to step out of the vehicle in order to ascertain if Thompson was inebriated. As Thompson opened the door to step out, the interior light of his car went on. Officer Thompson could see a cellophane wrapper in the ashtray of the car, containing what appeared to be rocks of crack cocaine.
 {¶ 5} Thompson was handcuffed and placed in the back of the squad car so that the contraband could safely be retrieved from the vehicle. Once the drugs were retrieved, Thompson was placed under arrest for violation of the state drug law.
 {¶ 6} The officers then arranged to have the car towed and conducted an inventory search pursuant to department regulations. Inside the middle console of *Page 3 
the vehicle, the officers discovered large bags of marijuana and crack cocaine, and a scale with what appeared to be cocaine residue on it. A search of Thompson's person during booking revealed over $1,800 in cash and a cellphone.
 {¶ 7} After hearing the evidence, the trial court denied Thompson's motion to suppress. Thompson subsequently entered a no contest plea to two counts of possession of drugs, two counts of drug trafficking, and one count of possession of criminal tools. The trial court sentenced him to a total of three years in prison.
 Denial of Motion to Suppress {¶ 8} In his sole assigned error, Thompson contends the trial court improperly denied his motion to suppress. He argues the police did not have a right to order him from the vehicle or place him in the back of the squad car for a minor traffic violation. He also argues the police did not have reasonable suspicion or probable cause to search the car.[1] We disagree.
 {¶ 9} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses.[2] On review, an appellate court must accept the trial court's findings of fact if those findings are *Page 4 
supported by competent, credible evidence.[3] After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met.[4]
 {¶ 10} There is no dispute that the officers had probable cause to stop the vehicle due to the fact Thompson ran the red light.[5] The officer smelled marijuana when he approached the vehicle. The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle.[6]
Officer Wagner testified that he recognized the smell of marijuana based on his fourteen years of training and experience as a police officer.
 {¶ 11} Thompson contends that case law only supports a search of the vehicle when the officer smells "burnt" marijuana. In the instant case, the officers could not recall if they smelled burnt marijuana or marijuana in its vegetative state. However, even if the case law is so limited, when an automobile is pulled over for a routine traffic stop, an officer may reasonably and justifiably order the driver to exit the *Page 5 
vehicle.[7] Therefore, Officer Wagner was justified in ordering Thompson from the vehicle.
 {¶ 12} When Thompson opened the door to exit the vehicle, the interior light in the car lit, and the officer was able to see in plain view crack cocaine wrapped in a cellophane wrapper in the ashtray of the car. During a lawful traffic stop, police officers may seize contraband they find in plain view. "[T]o justify the warrantless seizure of an item under the plain view doctrine: (1) the seizing officer must be lawfully present at the place from which he can plainly view the evidence; (2) the officer has a lawful right of access to the object itself; and (3) it is immediately apparent that the item seized is incriminating on its face."[8] All of these requirements were satisfied in the instant case; therefore, the officer could retrieve the contraband without a warrant.
 {¶ 13} The officer detained Thompson in the back of the squad car so that he could safely retrieve the contraband. According to State v.Robinette[9], when a law enforcement officer, during a valid investigative stop, ascertains "reasonably articulable facts giving rise to a suspicion of criminal activity, the officer may then *Page 6 
further detain and implement a more in-depth investigation of the individual."[10] Because the officer saw the crack cocaine in the ashtray, he had a reasonable articulable suspicion of criminal activity, thereby permitting him to further detain Thompson.
 {¶ 14} Once the cocaine was retrieved, Thompson was placed under arrest. An inventory search of the car revealed the bags of crack cocaine and marijuana and the scale in the console of the car. The Ohio Supreme Court has upheld the standard inventory search of a lawfully impounded vehicle "when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded vehicle."[11] The evidence was unrefuted that the inventory search was conducted according to department policy. Moreover, we conclude the officers were permitted to look in the vehicle's console as part of the inventory search. Like glove compartments, consoles are "a place for the temporary storage of valuables," and they are areas of a vehicle that are normally part of a standard inventory search.[12] *Page 7 {¶ 15} Based on the circumstances of this case, the officers acted appropriately in ordering Thompson from the vehicle, detaining him, and searching the vehicle. Accordingly, Thompson's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., AND MELODY J. STEWART, J., CONCUR
[1] Thompson also contends the officers had no basis to conduct a pat-down search. However, he does not pursue this argument in the body of his assigned error. The record also does not reflect a pat-down search occurred prior to his arrest.
[2] State v. Mills (1992), 62 Ohio St.3d 357, 366.
[3] State v. Retherford (1994), 93 Ohio App.3d 586, 592.
[4] Id.
[5] Whren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769,135 L.Ed. 2d 89; Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431.
[6] State v. Farris, 109 Ohio St.3d 519, 2006-Ohio-3255; State v.Moore, 90 Ohio St.3d 47, 48, 2000-Ohio-10.
[7] Pennsylvania v. Mimms (1997), 434 U.S. 106, 98 S. Ct. 330,54 L. Ed. 2d 331; State v. Williams (1994), 94 Ohio App.3d 538, 544-545.
[8] Horton v. California (1990), 496 U.S. 128, 136-37,110 L.Ed.2d 112, 110 S.Ct. 2301; State v. Waddy (1992), 63 Ohio St.3d 424, 442;State v. Davis, Cuyahoga App. No. 87964, 2007-Ohio-408.
[9] 80 Ohio St.3d 234, 1997-Ohio-343. See also, State v.Retherford (1993), 93 Ohio App.3d 586, 601.
[10] Id. at 241.
[11] State v. Robinson (1979) 58 Ohio St.2d 478, 480.
[12] State v. Mesa, 87 Ohio St.3d 105, 1999-Ohio-253. quoting,South Dakota v. Opperman (1976), 428 U.S. 364, 96 S.Ct. 3092,49 L.Ed.2d 1000. *Page 1