JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Nathan Ford appeals from his convictions following no contest pleas to fifty-three charges. For the reasons set forth below, we affirm.
 {¶ 2} On April 13, 2005, defendant was indicted in case no. 464709 pursuant to a forty-nine count indictment which set forth twenty six charges of rape, seven counts of kidnapping, thirteen counts of gross sexual imposition, one count of felonious assault, and two counts of aggravated robbery, all in connection with seven separate sex-related offenses which occurred from 1996 to 2004. Defendant was also indicted in case no. 469583 pursuant to a four-count indictment which charged him with the rape and kidnapping of a thirteen-year-old girl in 2001. The cases were joined for trial.
 {¶ 3} On January 17, 2006, defendant entered a plea of not guilty by reason of insanity and he was referred to the court psychiatric clinic for an evaluation of sanity at the time of the acts.
 {¶ 4} On February 21, 2006, Dr. Brad Booth submitted a sanity evaluation in which he opined that defendant had a major depressive disorder but this did not prevent him from knowing the wrongfulness of his actions. He further noted that during the offenses defendant avoided trying to attract attention, the attacks were purposeful, and defendant engaged in extensive efforts to avoid apprehension.
 {¶ 5} A comprehensive battery of tests was subsequently administered to defendant, and in March 2006, neuropsychologist Barry Layton opined that *Page 4 
defendant suffered from organic brain dysfunction of unknown etiology. Galit Dori, a neuropsychologist with the Court Psychiatric Clinic found, however, that defendant was exaggerating or malingering short-term memory deficits. In May 2006, Dr. John Fabian evaluated defendant and opined that he is a paraphilic rapist. He further opined that, because defendant's behavior was planned, goal oriented and marked by extensive efforts to avoid detection, he was still able to know the wrongfulness of his actions, and therefore is not insane.
 {¶ 6} Defendant subsequently entered no contest pleas to all of the offenses and following an explanation of the evidence that the state would have offered as to the offenses, was found guilty of all fifty-three charges. On October 10, 2006, defendant filed a motion to withdraw the no contest pleas and a motion to revive the plea of not guilty by reason of insanity. In relevant part, defendant's trial counsel asserted that he learned that defendant was suffering from frontotemporal lobe dementia, and according to counsel, "it is virtually certain that his violent criminal behavior is a result of the disease." In support of the motion, defendant offered a letter from Dr. Saghafi which indicated that defendant "suffers from a condition of FTD [frontotemporal dementia] and that the behaviors he has exhibited are strongly as a result of this entity." Defendant also included a letter from Barry Layton, Ph.D. which suggested that defendant be sent to a secure forensic facility rather than a prison, and indicated, in relevant part, "a diagnosis of dementia does not correspond to insanity[,]" but "there is a reported cause-effect association of frontotemporal *Page 5 
dementia with lowered threshold for behavior dyscontrol and criminality. * * * His crimes may meet the legal criteria of behavior driven by `irresistable impulse.'"
 {¶ 7} The trial court held a hearing on defendant's motion to vacate the no contest pleas and to reinstate the plea of not guilty by reason of insanity. Thereafter, the court determined that the motions did not present anything new, but rather raised issues which had been resolved prior to the pleas. In a written memorandum, the court noted that defendant reported to the court psychiatric clinic that he had memory deficits at the time of each of the alleged offenses but at no other times during his life, and that defendant's acts were well-thought-out, and orchestrated and performed in a manner to avoid detection and apprehension. The trial court noted features from the offenses wherein defendant acted with deception, used gloves and condoms to conceal evidence, and made threats to avoid detection. The court then denied the motions and imposed a sentence exceeding one hundred years of imprisonment. Defendant now appeals and assigns two errors for our review.
 {¶ 8} For his first assignment of error defendant asserts that his trial counsel was ineffective for failing to recognize and present defendant's frontotemporal dementia as a complete defense under R.C.2901.21(A) and 2901.21(D)(2).
 {¶ 9} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair *Page 6 
trial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland, supra at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."Bradley, supra at 143.
 {¶ 10} "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." State v. Henderson, Cuyahoga App. No. 88185,2007-Ohio-2372
 {¶ 11} R.C. 2901.01(A)(14) states:
 {¶ 12} "A person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."
 {¶ 13} So called "irresistable impulse" is not an excuse for an offense by a person who does not otherwise meet the definition set forth in R.C. 2901.01(A)(14). See State v. Wojnowski (February 1, 1990), Cuyahoga App. No. 56319.
 {¶ 14} Applying the foregoing to this matter, we note that DNA evidence linked defendant to six of the offenses. Dr. Fabian noted that defendant was thirty-eight *Page 7 
years old at the time of the interview, that the offenses spanned a ten year time period, and that the offenses were marked by planning. During many of the offenses defendant used deception to approach his victims, forced the victim to an isolated location, used gloves, used a condom, forced one victim to wash and engaged in other efforts to hinder the collection or analysis of evidence, and made threats of harm if the victim went to the authorities. From this, Dr. Fabian concluded that defendant knew the wrongfulness of his acts. Dr. Saghafi opined that defendant suffers from frontotemporal dementia and that the behaviors he has exhibited are strongly as a result of this condition. Defendant also submitted a letter from Barry Layton, Ph.D. which indicated, in relevant part, "a diagnosis of dementia does not correspond to insanity[,]" but "there is a reported cause-effect association of frontotemporal dementia with lowered threshold for behavior dyscontrol and criminality. * * * His crimes may meet the legal criteria of behavior driven by Irresistable impulse.'"
 {¶ 15} Irresistable impulse is not an excuse for an offense by a person who does not otherwise meet the definition of insanity. Moreover, it does not support an insanity defense as nothing in the record indicates that defendant failed to know the wrongfulness of his actions. To the contrary, defendant engaged in a variety of behavior which manifested his intention to perform planned offenses at secretive locations, and that he engaged in extensive efforts to conceal his identity and escape detection. Further, the issue of defendant's sanity was thoroughly pursued *Page 8 
and dispelled prior to the no contest pleas. Defendant's trial counsel did not err in this regard and was not ineffective.
 {¶ 16} The first assignment of error is not well-taken.
 {¶ 17} For his second assignment of error defendant asserts that the trial court erred in denying his motion to vacate the no contest pleas.
 {¶ 18} Crim.R. 32.1 provides:
 {¶ 19} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 20} In State v. Xie (1992), 62 Ohio St. 3d 521, 584 N.E.2d 715, paragraphs one and two of the syllabus, this court held:
 {¶ 21} "1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 {¶ 22} "2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."
 {¶ 23} The holding of Xie is also applicable where the defendant has entered a no contest plea. State v. Spivey (1998), 81 Ohio St.3d 405,692 N.E.2d 151, Thus, in ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the *Page 9 
plea. State v. Xie, supra, and the decision denying appellant's presentence motion to withdraw the pleas of no contest will not be disturbed absent an abuse of discretion. State v. Spivey, supra.
 {¶ 24} Reviewing courts have considered the following factors in making this analysis:
 {¶ 25} whether the accused is represented by highly competent counsel;
 {¶ 26} whether the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea;
 {¶ 27} whether the accused is given a complete and impartial hearing on the motion;
 {¶ 28} whether the record reveals that the court gave full and fair consideration to the plea withdraw request.
 {¶ 29} See State v. Pierce, Cuyahoga No. 88598, 2007-Ohio-3416, citingState v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863; see, alsoState v. Haywood, Cuyahoga App. No. 87823, 2006-Ohio-6445.
 {¶ 30} In this matter, the trial court determined that the circumstances of this case did not warrant granting defendant's motion to withdraw his pleas of no contest. Based on a review of the record and a careful consideration of the arguments, we find that the court did not abuse its discretion in denying the motion. Defendant was represented by competent counsel and the court held a full hearing on the motion to vacate, and the trial court gave full and fair consideration to the motion. The record *Page 10 
does not demonstrate that there was a reasonable and legitimate basis for the withdrawal of the pleas as the issue of defendant's sanity was thoroughly explored prior to the entry of the pleas.
 {¶ 31} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1