JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, Gerald Fryer ("Fryer"), appeals the trial court's denial of his motion to suppress. Finding no merit to the appeal, we affirm.
 {¶ 3} In 2007, Fryer was charged with drug possession, drug trafficking, and possessing criminal tools. Fryer moved to suppress the drugs and contraband seized during a traffic stop. The trial court denied his motion after a full hearing. The following evidence was presented at the suppression hearing.
 {¶ 4} In July 2007, Officer Gregory Drew ("Drew"), of the Cuyahoga Metropolitan Housing Authority police, was on foot patrol in the 2600-2700 block of Cedar Avenue when he smelled a strong odor of marijuana. He then observed a Cadillac directly across the street, with Fryer in the driver's seat and Steve Hardin ("Hardin") in the front passenger seat. He saw Fryer bring a glass pipe to his mouth and hold a lighter to the pipe. Drew immediately recognized the pipe as drug paraphernalia. He radioed for a zone car to stop Fryer and Hardin. While waiting for assistance, Fryer noticed that Drew was watching him and drove off. Fryer drove about 100 feet before he was stopped by the zone cars. Drew and Officer Alcantara approached Hardin and immediately observed a *Page 4 
clump of marijuana on Hardin's lap.[1] They removed Hardin from the vehicle and placed him under arrest. They also found an ecstacy pill on the passenger seat where Hardin had been seated.
 {¶ 5} After Hardin was arrested, Drew testified that he observed Officers Higgenbotham and Beese remove Fryer from the vehicle. Upon opening the door, Drew observed a marijuana pipe, which Higgenbotham said was still warm to the touch, and Ziploc bags containing marijuana in the door compartment. Higgenbotham then removed these items, and Fryer was arrested for using a motor vehicle to solicit, in violation of Cleveland Codified Ordinance 619.23(c), a first degree misdemeanor.[2]
 {¶ 6} During the search incident to Fryer's arrest, Drew observed the officers retrieve an ecstasy pill, a digital scale, and $262 from Fryer's pockets. Fryer was then placed under arrest for a felony drug violation.
 {¶ 7} The officers then ordered a tow of the vehicle pursuant to the arrests. They completed an inventory search of the vehicle prior to the tow. Drew discovered a large glass jar containing marijuana under the driver's seat. The officers also discovered boxes of sandwich baggies inside the vehicle. In the *Page 5 
trunk, they found a large bag of potting soil, a bag of plant fertilizer, and several glass jars containing marijuana or marijuana residue.
 {¶ 8} Fryer's version of the facts differed from Drew's testimony. Fryer claimed that he was pulled over at gunpoint, told to lay down on the ground, and was handcuffed. Then, the officers went into his pockets and took everything out without telling him why he was stopped or arrested. He denied smoking marijuana in his car.
 {¶ 9} At the conclusion of the hearing, the trial court denied Fryer's motion to suppress, finding that the search was lawful. Fryer pled no contest to the charges and the trial court sentenced him to two years of community control sanctions.
 {¶ 10} Fryer appeals, raising one assignment of error in which he argues that the trial court erred in denying his motion to suppress. He claims that there was no evidence by the State proving that his arrest and search were based on reasonable suspicion and probable cause because the officers who performed these searches did not testify at the suppression hearing. *Page 6 
 Standard of Review-Motion to Suppress {¶ 11} In reviewing a trial court's ruling on a motion to suppress, the reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542;State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, citing, State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54. The reviewing court, however, must decide de novo whether, as a matter of law, the facts meet the appropriate legal standard. Id.; see, also, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906.
 Initial Stop {¶ 12} Under Terry v. Ohio (1968), 392 U.S. 1, 9, 88 S.Ct. 1868,20 L.Ed.2d 889, the United States Supreme Court held that theFourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." See, also,State v. Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.
 {¶ 13} In deciding whether reasonable suspicion exists, courts must examine the "`totality of the circumstances' of each case to determine whether *Page 7 
the detaining officer has a `particularized and objective basis' for suspecting legal wrongdoing." United States v. Arvizu (2002),534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740, quoting, United States v.Cortez (1981), 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621;State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, citing, State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044.
 {¶ 14} In the instant case, Drew testified that while he was on foot patrol, he smelled an odor of burning marijuana.[3] Drew testified that he recognized the smell of burnt marijuana from his numerous years of experience as a police officer and his specialized training in drug arrests. He then observed Fryer, who was sitting in a car, place a glass pipe to his mouth and hold a lighter to the pipe. Drew noticed that the smell of burning marijuana increased in strength after Fryer brought the lighter to the pipe. When Fryer saw Drew watching him, he attempted to flee the scene.
 {¶ 15} Because Drew was able to point to specific and articulable facts that criminal activity was afoot-namely, that Fryer was smoking marijuana in a car, we find that Drew was justified in stopping Fryer to investigate further. *Page 8 
 Search of Person {¶ 16} It is well settled that a warrantless arrest is lawful if the arresting officer had probable cause to believe that the suspect has committed or is committing an offense. State v. Barker (1978),53 Ohio St.2d 135, 372 N.E.2d 1324.
 {¶ 17} Probable cause exists when officers have "`facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information' that would sufficiently `warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" State v. Fanin, Cuyahoga App. No. 79991, 2002-Ohio-6312, quoting Beck v. Ohio (1964), 379 U.S. 89, 13 L.Ed. 2d 142, 85 S.Ct. 223.
 {¶ 18} Furthermore, the Fourth Amendment is not violated by an officer's valid search incident to an arrest. Chimel v. California
(1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. "The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." *Page 9 United States v. Robinson (1973), 414 U.S. 218, 235, 38 L.Ed.2d 427,94 S.Ct. 467.
 {¶ 19} In the instant case, Drew testified that, after the passenger had been arrested, the assisting officers removed Fryer from the vehicle. Once the officers opened the car door, Drew saw a marijuana pipe and baggies containing marijuana in the driver's door compartment. The officers then arrested Fryer for using a motor vehicle to solicit in a drug offense, and searched his person. The officers found an ecstasy pill, a digital scale, and $262 in Fryer's pockets.
 {¶ 20} Because Fryer's arrest was lawful, we find that the search of Fryer's person was permissible as a search incident to his arrest.
 Search of Vehicle {¶ 21} An inventory search of a lawfully impounded vehicle is a well-defined exception to the warrant requirement of theFourth Amendment to the United States Constitution. State v. Mesa,87 Ohio St.3d 105, 1999-Ohio-253, 717 N.E.2d 329, citing Colorado v.Bertine (1987), 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739;South Dakota v. Opperman (1976), 428 U.S. 364, 367, 96 S.Ct. 3092,49 L.Ed.2d 1000. This exception permits police to conduct a warrantless search of a vehicle, prior to the tow, for the purpose of inventorying its contents after the vehicle has been lawfully impounded.Mesa; see, also, Opperman; State v. Bridges, Cuyahoga App. No. 80171, 2002-Ohio-3771. The *Page 10 
scope of an automobile inventory search may properly extend to the trunk and glove compartment. Miller; State v. Beavers, Cuyahoga App. No. 88513, 2007-Ohio-2915.
 {¶ 22} In the instant case, a review of the record reveals that the inventory search of Fryer's vehicle was lawful. Drew testified that they ordered a tow of the vehicle pursuant to the arrests. The officers completed an inventory search of the vehicle prior to the tow. They discovered a large glass jar full of marijuana under the driver's seat and boxes of sandwich baggies inside the vehicle. In the trunk, they found a large bag of potting soil, a bag of plant fertilizer, and several glass jars containing marijuana or marijuana residue.
 {¶ 23} Thus, based on the evidence, we conclude that the officers had lawful authority to search Fryer's vehicle.
 {¶ 24} Although Drew did not personally search Fryer, he did observe the criminal act and the arrest and subsequent search of Fryer. Despite Fryer's testimony that he was ordered out of the car at gunpoint and forced to lay on the ground, the trial court found Drew's testimony to be more credible and denied Fryer's motion to suppress.
 {¶ 25} Since the trial court, during a suppression hearing, is in the best position to resolve questions of fact and evaluate the credibility of witnesses, we defer to the trial court in resolving any conflicts in the evidence. See State v. Ware, Cuyahoga *Page 11 
App. No. 89945, 2008-Ohio-2038. Thus, the trial court correctly denied Fryer's motion to suppress.
 {¶ 26} Accordingly, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MELODY J. STEWART, J., CONCUR
[1] Drew also testified that he saw a cloud of smoke coming from the driver's window of the Cadillac, which smelled like burnt marijuana.
[2] The pertinent ordinance prohibits operating a vehicle while possessing or using a controlled substance.
[3] We note that the smell of marijuana by a person qualified to recognize the odor is sufficient to establish probable cause to search a motor vehicle. State v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10,734 N.E.2d 804; State v. Miller, Cuyahoga App. No. 90518,2008-Ohio-4453. *Page 1