[Cite as *State v. Knox*, 2013-Ohio-1662.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98713 and 98805**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JERRY KNOX

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557698

**BEFORE:**  E.T. Gallagher, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  April 25, 2013

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio   44137


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Louis J. Brodnik
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1}   In this consolidated appeal, defendant-appellant Jerry Knox ("Knox") appeals the trial court's judgment finding him guilty of drug trafficking, drug possession, and possession of criminal tools.   He also challenges the trial court's denial of his motion to suppress evidence.   We find no merit to the appeal and affirm.

{¶2} Knox was charged with one count of drug trafficking, one count of drug possession, and one count of possession of criminal tools.   At a hearing on Knox's motion to suppress, Officer Donald Kopchak ("Officer Kopchak") testified that he and his partner, Officer Jeffrey Yasenchak ("Officer Yasenchak"), were patrolling East 105th Street in Cleveland when they observed a black SUV with dark tinted windows.   They stopped the vehicle for a window tint violation and because they observed it weaving between lanes.

{¶3} On approaching Knox's vehicle, the officers smelled a strong odor of marijuana emanating from the driver's side window.   They asked Knox to step out of the vehicle, and Officer Kopchak patted him down for weapons while Officer Yasenchak looked inside the vehicle for the source of the marijuana odor. Officer Yasenchak found a large cigar-sized marijuana cigarette in the console next to the driver's seat, and Officer Kopchak arrested Knox for possession of marijuana while operating a motor vehicle.

{¶4} Officer Kopchak explained that he patted Knox down a second time on arrest because the initial pat-down was merely a search for weapons and did not include a search for smaller items, which could be contraband.   On Knox's upper right thigh,

Officer Kopchak felt two large, hard objects, which turned out to be bags of cocaine. He also found over $5,000 in Knox's left pants pocket, one cell phone on his person, and five cell phones in the vehicle.

{¶5} Dow Edward Hendricks ("Hendricks"), a private investigator hired by Knox, presented photographs of Knox's vehicle to show the tint in the windows. Knox argued that the degree of tint was not excessive or illegal. Knox testified that he did not commit any traffic violations that warranted a stop on East 105th Street the day he was arrested. He denied smoking marijuana and stated that he had just had the vehicle completely detailed within an hour of his arrest.

{¶6} The court overruled Knox's motion to suppress evidence. Knox pleaded no contest to the indictment and was found guilty of all three offenses. The court sentenced him to six years, to be served concurrently with a nine-month sentence in another case. The court also imposed an $11,000 fine. Knox now appeals and raises seven assignments of error.

## Standard of Review

{¶7} Five of Knox's assigned errors relate to the court's ruling on his motion to suppress. Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.* Consequently, an appellate court must accept

the trial court's findings of fact if they are supported by competent, credible evidence. *Id*. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.* We apply this standard of review to Knox's first, second, fourth, fifth, and sixth assignments of error.

## Traffic Stop

{¶8} In the first assignment of error, Knox argues the trial court erred in finding that the stop of his vehicle on East 105th Street was proper. He contends the police testimony that he was weaving was not credible.

{¶9} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable, unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In *Terry v. Ohio*, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based on specific and articulable facts, that the person stopped has committed or is committing a crime. *Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶10} Officers Kopchak and Yasenchak testified that they pursued Knox's vehicle because they observed an excessive window tint violation. As they followed and attempted to stop the vehicle for that reason, they saw the vehicle weaving. Knox argues their testimony regarding weaving was not credible because: (1) they could not recount

their exact location when they first observed Knox's SUV, (2) they did not specify exactly how many times the weaving occurred or how far over the dividing line Knox's vehicle traveled, and (3) they did not specify whether there was any traffic between Knox's vehicle and their police car. Knox contends that their exact location was important because there are parked cars in certain areas along East 105th Street, which would make weaving impossible. He also asserts that the inability to recall how many times the weaving occurred, the extent of the weaving, and whether there was any traffic between their vehicles suggests the officers may not have had a good view of the alleged weaving.

{¶11} Although Officer Kopchak could not provide a precise location, he stated that they first observed Knox's vehicle when they were stopped in a parking lot off East 105th Street, south of St. Clair Avenue. He conceded that there are, at times, cars parked along East 105th, but stated that Knox was not changing lanes to maneuver around parked vehicles; he was weaving. Both Officers Kopchak and Yasenchak testified that they saw Knox's car weaving. Furthermore, even if there had been some cars parked along East 105th Street, a few parked cars would not necessarily have prevented Knox from weaving.

{¶12} As previously stated, "'when considering a motion to suppress, the trial court assumes the role of trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses.'" *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶100, quoting *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. As a reviewing court, we are bound to

accept the trial court's findings of fact if supported by competent, credible evidence. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994), citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990). We find no reason to conclude that the testimony of Officers Kopchak and Yasenchak was not competent or credible.

{¶13} Therefore, the first assignment of error is overruled.

## Search of Knox's Vehicle

{¶14} In the second assignment of error, Knox argues the trial court erred in ruling that the search of his vehicle was proper. He contends the police lacked probable cause to conduct the search because there was no evidence that they were qualified to recognize the odor of marijuana.

{¶15} A law enforcement officer, qualified to recognize the odor of marijuana, may rely on his or her sense of smell to justify probable cause to conduct a search for marijuana. *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 12, citing *State v. Moore*, 90 Ohio St.3d 47, 51, 2000-Ohio-10, 734 N.E.2d 804. There is no requirement that police officers have specific training to identify the smell of marijuana. The ordinary training and experience of a police officer may qualify an officer to identify marijuana and establish probable cause to conduct a search if the officer establishes that he or she has had some experience identifying marijuana in the past. *State v. Fryer*, 8th Dist. No. 91497, 2008-Ohio-6290, ¶ 14; *State v. Thompson*, 8th Dist. No. 88858, 2007-Ohio-4296, ¶ 10; *State v. Ivery*, 11th Dist. No. 2011-L-081, 2012-Ohio-1270, ¶ 28.

{¶16} Officer Kopchak testified that he was trained to recognize the smell of marijuana during his training at the police academy. He also stated that he has arrested and cited numerous people for marijuana violations. Officer Yasenchak testified that he has been a police officer for 14 years and has made "thousands" of arrests for marijuana. Therefore, both officers established they were qualified to recognize the smell of marijuana.

{¶17} The second assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶18} In the third assignment of error, Knox argues he was denied his constitutional right to the effective assistance of counsel.

{¶19} To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that, but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696; *Bradley*, 42 Ohio St.3d 136 at paragraph three of the syllabus. In making this determination, the reviewing court must presume that counsel's conduct was competent. *Id.*

{¶20} Knox contends that his trial counsel was ineffective because he failed to challenge the officers' qualifications to detect the smell of marijuana. However, as previously explained, both Officers Kopchak and Yasenchak provided testimony establishing that they were qualified to identify the odor of marijuana. Therefore, even if Knox's trial counsel had challenged the officers' qualifications, it would not have changed the outcome of the trial. The failure to do a futile act cannot be the basis for a claim of ineffective assistance of counsel, nor could such a failure be prejudicial. *State v. Ford*, 8th Dist. Nos. 88946 and 88947, 2007-Ohio-5722, ¶ 9.

{¶21} Therefore, the third assignment of error is overruled.

## Search Incident to Arrest

{¶22} In the fourth assignment of error, Knox argues the arresting officers improperly "maneuvered" evidence when they searched him incident to arrest. He contends the police were not permitted to manipulate the two objects in his pants to determine whether they were contraband.

{¶23} However, this was not merely a pat-down during a *Terry* stop, which is limited to a cursory search for weapons. *Terry*, 392 U.S. at 27. Officer Kopchak did not feel the evidence until Knox was placed under arrest. When a police officer makes a lawful arrest, a warrantless search of the arrested person is justified to discover any weapons that the arrestee might seek to use and to prevent the concealment or destruction of evidence. *State v. Murrell*, 94 Ohio St.3d 489, 491, 2002-Ohio-1483, 764 N.E.2d 986; *Chimel v. California*, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

Therefore, the arresting officers were permitted to investigate suspected contraband on Knox's person on his arrest.

**{¶24}** The fourth assignment of error is overruled.

## Lawful Arrest

**{¶25}** In the fifth assignment of error, Knox argues the police lacked authority to arrest him. He contends that because he possessed less than 100 grams of marijuana, which is a minor misdemeanor, the police had no basis on which to arrest him.

**{¶26}** However, R.C. 2935.03(A)(1) provides that "[a] * * * police officer * * * *shall arrest* and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision, * * * an ordinance of a municipal corporation." (Emphasis added). Cleveland Codified Ordinances ("CCO") 619.23(c) provides that "no person, while operating a vehicle * * * shall knowingly * * * possess, or use a controlled substance contrary to Section 607.03." Under CCO 619.23(c), possession of any amount of marijuana, however small, constitutes a violation. Under Section 619.23(f), a violation of Section 619.23(c) is a first-degree misdemeanor and is an arrestable offense. *State v. Jackson*, 8th Dist. No. 90471, 2009-Ohio-733, ¶ 16.

**{¶27}** Therefore, once the police confirmed that Knox possessed marijuana while he was operating a motor vehicle, they were authorized to arrest him.

**{¶28}** Accordingly, we overrule the fifth assignment of error.

## Due Process and Equal Protection

**{¶29}** In the sixth assignment of error, Knox argues the trial court erred in denying his motion to suppress evidence when the evidence showed that CCO 619.23 was unconstitutional. Knox argues that CCO 619.23 is unconstitutional because it arbitrarily enhances the penalty for those people in possession of marijuana while operating a motor vehicle.

**{¶30}** The standard for determining violations of equal protection is the same under state and federal law. "Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups." (Citations omitted.) *Fabrey v. McDonald Police Dept.,* 70 Ohio St.3d 351, 353, 1994-Ohio-368, 639 N.E.2d 31. A statute must be upheld if it bears a rational relationship to a legitimate governmental interest. *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 362, 1995-Ohio-298, 653 N.E.2d 212. The statute is presumed constitutional and will be declared invalid only if the challenging party demonstrates beyond a reasonable doubt that the statute violates a constitutional provision. *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999).

**{¶31}** As previously stated, CCO 619.23 allows the police to arrest a suspect for possession of any amount of marijuana while operating a motor vehicle because the offense is a first-degree misdemeanor. CCO 607.03(c)(2) provides that possession of less than 100 grams of marijuana is a minor misdemeanor and a non-arrestable offense. Knox suggests that the difference between these statutes is arbitrary and unconstitutional.

**{¶32}** However, possession of marijuana while operating a motor vehicle is not the same as simple possession. The risks inherent in operating a vehicle while possessing marijuana are substantially greater than possession of marijuana outside of a moving vehicle. The dissemination of controlled substances is also facilitated by transportation of contraband in a vehicle. Therefore, the authority to arrest someone for possession of marijuana while operating a motor vehicle, as provided in CCO 619.23(c), is rationally related to a legitimate governmental interest.

**{¶33}** Knox also argues that the police arrested him pursuant to CCO 619.23(c) as a pretext to search his vehicle for larger quantities of drugs. However, where a police officer has probable cause to arrest a suspect, the arrest is not unreasonable under the Fourth Amendment even if the officer had some ulterior motive for making the arrest, such as a suspicion that the violator was engaging in more nefarious criminal activity. *State v. Williams*, 79 Ohio St.3d 1, 1997-Ohio-407, 679 N.E.2d 646, citing *Dayton v. Erickson,* 76 Ohio St.3d 3, 1996-Ohio-431, 665 N.E.2d 1091. Officers Kopchak and Yasenchak had probable cause to arrest Knox when they observed him violating CCO 619.23. Therefore, Knox's arrest was not unconstitutional.

**{¶34}** The sixth assignment of error is overruled.

### Imposition of a Fine

**{¶35}** In the seventh assignment of error, Knox argues the trial court abused its discretion when it imposed a fine as part of his sentence, despite evidence of indigence.

**{¶36}** Ohio law does not prohibit a court from imposing a fine on an indigent defendant. *State v. Ramos*, 8th Dist. No. 92357, 2009-Ohio-3064. Nor does the filing of an affidavit of indigency by a defendant automatically entitle a defendant to a waiver of a mandatory fine. *State v. Gipson*, 80 Ohio St.3d 626, 1998-Ohio-659, 687 N.E.2d 750. R.C. 2925.03(D) mandates that a defendant who is convicted of a first-degree felony trafficking offense shall be ordered to pay a fine of no more than $ 20,000 and no less than $ 10,000, unless, as specified in R.C. 2929.18, the court determines that the defendant is indigent.

**{¶37}** The burden is on the offender to affirmatively demonstrate that he is indigent and unable to pay the mandatory fine. *Gipson*, 80 Ohio St.3d at 635. "There are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Williams*, 8th Dist. No. 92419, 2009-Ohio-5964, ¶ 8, quoting *State v. Martin,* 140 Ohio App.3d 326, 338, 2000-Ohio-1942, 747 N.E.2d 318 (4th Dist.).

**{¶38}** The record indicates that Knox retained counsel to represent him in the trial. He also hired a private investigator to assist in his defense. The investigator testified at the suppression hearing. At the time of his arrest, Knox owned a 2003 Land Rover and had over $5,000 cash in his pocket. These factors indicate that Knox has the ability to pay for professional services and can, therefore, pay his fine.

**{¶39}** Although he testified that he did not earn any legitimate income in the previous year, he stated that he performs carpentry on homes that are rehabilitated for

resale. Therefore, by his own admission, he is a skilled carpenter and has the ability to earn honest income to pay his fine. Under these circumstances, we find no abuse of discretion.

**{¶40}** The seventh assignment of error is overruled.

**{¶41}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR