[Cite as *S. Euclid v. Hall*, 2026-Ohio-1198.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SOUTH EUCLID,  :

    Plaintiff-Appellee,  :

                             No. 115445

    v.  :

DATWAN HALL,  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 2, 2026

---

Criminal Appeal from the South Euclid Municipal Court
Case No. 24CRB00654

---

### *Appearances:*

Brian M. Fallon, South Euclid Assistant Prosecuting Attorney, *for appellee.*

Martin Law Office, LLC and Sean P. Martin, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant Datwan Hall ("Hall") appeals his domestic-violence conviction rendered after a bench trial in the South Euclid Municipal Court. He claims the following errors:

> 1. The prosecutor failed to establish beyond a reasonable doubt that the appellant did not act in self-defense.

2. The trial counsel was ineffective for failing to file a notice of self-defense under Crim.R. 12.2 prior to trial.

3. State of Ohio failed to produce legally sufficient evidence to sustain a conviction.

{¶ 2} We find that Hall was not entitled to claim self-defense and that his trial counsel was not ineffective for failing to file written notice of an intent to present an argument or evidence of self-defense. We also find that Hall's conviction is supported by sufficient evidence. We, therefore, affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Hall was charged with one count of domestic violence in violation of R.C. 2919.25(A). The victim, D.W., testified at trial that on December 30, 2024, at approximately 1:47 p.m., Hall came to her apartment in South Euclid, Ohio unannounced. D.W., who was sick with Covid, was awakened by the sound of the apartment-door buzzer. She pressed the button to let the person in and opened the door to see who she had allowed into the building. She did not see anyone and was closing the door when Hall appeared, said "Bitch move," and pushed his way into the apartment. (Tr. 8-9.) D.W. replied, "Don't come to my house being disrespectful." She also told him to "[g]et the f[xxx] out." (Tr. 19.)

{¶ 4} Hall is the father of D.W.'s two children. (Tr. 5.) Hall entered D.W.'s apartment and gave his four-year-old son a hug. He then picked up D.W.'s phone, put it in his pocket, and demanded that she repay $100 he had lent to her for her phone bill. D.W. explained that she agreed to repay Hall the $100 after she was paid

on Wednesday, and Hall came to the apartment demanding repayment on Monday, two days early.

{¶ 5} D.W. reached for her phone, and Hall "swatted" her hand out of the way. She reached again for the phone, and he pushed her away. (Tr. 18.) D.W. then "swung" at Hall, and he put his hand on D.W.'s neck, threw her into the wall, and broke the door buzzer. (Tr. 11-12 and 18.) Hall and D.W. continued to "tussle," and Hall put both his hands around D.W.'s neck and attempted to throw her over the back of her couch. D.W. asked Hall to stop. He refused to stop, and D.W. started punching him in the face. (Tr. 18.) Their four-year-old child was also screaming "Stop."

{¶ 6} D.W. held onto Hall's shirt as he tried to throw her over the couch, and they both fell on the floor. (Tr. 29.) At that point, Hall let D.W. go, threw D.W.'s phone at her, and ran out of the apartment. (Tr. 15 and 35.) Sometime later, D.W. called the South Euclid police alleging a case of domestic violence.

{¶ 7} Officer Andrea Galbraith ("Officer Galbraith") responded to D.W.'s apartment to take her statement. (Tr. 49.) Officer Galbraith testified that she observed cuts and scrapes on both sides of D.W.'s neck and a scrape on her left foot. (Tr. 50.) She took photographs of D.W.'s injuries, and the photographs were presented as evidence at trial.

{¶ 8} The prosecutor rested after the admission of photographs of D.W.'s injuries. The defense rested without calling any witnesses or producing any evidence. The court found Hall guilty of one count of domestic violence and

sentenced him to a suspended 30-day jail sentence, six months of active probation, a $500 fine, and court costs.  Hall now appeals his convictions.

## II. Law and Analysis

### A. Self-Defense

{¶ 9} In the first assignment of error, Hall argues the prosecution failed to prove beyond a reasonable doubt that he did not act in self-defense.  In the second assignment of error, Hall argues his trial counsel was ineffective for failing to file a written notice of his intent to argue self-defense at least 14 days before trial as required by Crim.R. 12.2.  We discuss these assigned errors together because they are closely related.

{¶ 10} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Defense counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness.  *Id*. at 688.  To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reviewing court "'need not address both prongs of *Strickland* if an appellant fails to prove either prong.'"  *State v. Yancy*, 2025-Ohio-5135, ¶ 55 (8th Dist.), quoting *State v. Carter*, 2017-Ohio-8847, ¶ 27 (9th Dist.).

{¶ 11} Hall's trial counsel did not file written notice of his intent to argue or to present evidence of self-defense. But counsel was not ineffective for failing to file the notice since a claim of self-defense would have been futile. "The failure to do a futile act cannot be the basis for a claim of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Knox*, 2013-Ohio-1662, ¶ 20 (8th Dist.), citing *State v. Ford*, 2007-Ohio-5722, ¶ 9 (8th Dist.); *see also State v. Davis*, 2021-Ohio-4015, ¶ 26 (8th Dist.) ("Failure to assert an unviable defense does not constitute ineffective assistance.").

{¶ 12} In *State v. Messenger*, 2022-Ohio-4562, ¶ 1, the Ohio Supreme Court held that "when a defendant presents a claim of self-defense in a criminal case, the state has the burden of disproving that self-defense claim beyond a reasonable doubt." *See also* R.C. 2901.05(B)(1) (stating that "the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense").

{¶ 13} To be entitled to self-defense, there must be evidence

(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he [or she] was in imminent danger of death or great bodily harm and that his [or her] only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*Messenger* at ¶ 15, quoting *State v. Barnes*, 94 Ohio St.3d 21 (2002).

{¶ 14} Regarding the first element of a self-defense claim, which asks whether the defendant was at fault in creating the situation that gave rise to the

affray, this court has held that "'a person cannot provoke assault or voluntarily enter an encounter and then claim a right of self-defense.'" *State v. Sekic*, 2011-Ohio-3978, ¶ 15 (8th Dist.), quoting *State v. Nichols*, 2002 Ohio App. LEXIS 329 (4th Dist. Jan. 22, 2002). *See also State v. Smith*, 2020-Ohio-4976, ¶ 53 (1st Dist.) (holding that "a person may not provoke an assault or voluntarily enter an encounter and then claim a right of self-defense").

{¶ 15} The uncontroverted evidence at trial established that Hall was not invited into D.W.'s home and that he entered her apartment without her express permission. He called D.W. a "bitch" and pushed her aside in order to enter her home. Once inside the apartment, Hall took D.W.'s phone without her permission and refused to return it to her. Although D.W. admittedly "swung" at Hall in an effort to retrieve her phone, Hall created the situation that led to the tussle. Therefore, based on the evidence presented at trial, Hall was not entitled to claim self-defense, and had his trial counsel attempted to assert a claim of self-defense, it would have been rejected.

{¶ 16} Therefore, the first and second assignments of error are overruled.

### B. Sufficiency of the Evidence

{¶ 17} In the third assignment of error, Hall argues the prosecution failed to provide legally sufficient evidence to sustain a conviction.

{¶ 18} When reviewing the sufficiency of the evidence to sustain a conviction, the reviewing court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the

defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶ 19} Hall was convicted of one count of domestic violence in violation of R.C. 2919.25(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(F)(1)(b) defines "family or household member" as, among other things, "[t]he natural parent of any child of whom the offender is the other natural parent[.]"

{¶ 20} D.W. testified that Hall is the father of her two children. He is, therefore, a "family member" for purposes of the domestic-violence statute. D.W. also testified that Hall came to her apartment unannounced and refused to leave when asked to do so. Instead, he took D.W.'s phone without her permission, put it in his pocket, and refused to give it back. As D.W. attempted to retrieve the phone, Hall put his hands around her neck, pushed her into the wall, and attempted to push her over the couch. D.W. sustained injuries to her neck and foot as a result of Hall's actions, and Officer Galbraith authenticated photographs of the injuries. Therefore, there was sufficient evidence to support Hall's domestic-violence conviction.

{¶ 21} The third assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR