[Cite as *State v. Taylor*, 2023-Ohio-928.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                   No. 111694

    v.                               :

JO DONTA TAYLOR,                        :

    Defendant-Appellant.             :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 23, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-650400-A, CR-21-658502-A, and CR-21-660748-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Jo Donta Taylor ("appellant") appeals his conviction and sentence by the Cuyahoga County Court of Common Pleas for trafficking, drug possession, having weapons while under disability, carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and possession of criminal tools.

After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This case began with a traffic stop by Officer Matthew Mindlin (now a detective) of the Parma Police Department. Ofc. Mindlin was a patrolman at the time of the stop. He was traveling down W. 33rd Street in Parma, Ohio, when he observed a gray Infiniti SUV with extremely heavy window tint and an unreadable license plate.

{¶ 3} Inside the vehicle was the driver, later identified as appellant, and a passenger, later identified as Jermain Brown. Initially, appellant stated that he did not have identification on him and could not remember his social security number. Because the passenger also did not have a driver's license and in the interest of officer safety, Ofc. Mindlin had the occupants step out of the vehicle. Patrolman Nicholas Schuld of the Parma Police Department also arrived on scene.

{¶ 4} Ofc. Mindlin spoke with Brown and detected the odor of marijuana and observed little pieces of marijuana in the vehicle, called "shake." Brown stated that he had marijuana on his person and was searched by Ofc. Mindlin. The search yielded a small plastic cup that contained approximately one gram of marijuana.

{¶ 5} Ofc. Mindlin then conducted a probable-cause search of the vehicle and discovered several small baggies of marijuana, a digital scale that had marijuana residue on it, and appellant's social security card in the driver's side door. He further found a small plastic baggie with blue powder in it on the floorboard near the gas

pedal. He believed the blue powder to be ecstasy. He showed the baggie to appellant and asked if it was ecstasy. Appellant said that it was and that it belonged to his brother. When Ofc. Mindlin turned to secure the baggie in the vehicle, intending to then secure appellant in handcuffs, appellant fled the scene on foot.

{¶ 6} Both officers chased after appellant, and Ofc. Schuld also released the K9 officer, Coney. Appellant was apprehended and placed in handcuffs. They returned to the vehicle where Brown had remained. Appellant and Brown were secured into a patrol cruiser, and Ofc. Mindlin resumed searching appellant's vehicle.

{¶ 7} Ofc. Mindlin located numerous debit cards, credit cards, and a checkbook that were not in appellant or Brown's names. A Gucci purse was discovered under the back half of the driver's seat. Upon opening the purse, Ofc. Mindlin discovered two handguns. The rear passenger seat had a child's car seat, on top of which was a small safe. Inside the safe were marijuana receipts for a dispensary in Michigan and a large bag of what was believed to be ecstasy pills. Small denominations of money were also located throughout the vehicle along with small plastic cups like the one found on Brown.

{¶ 8} The pills and the baggie of blue powder were submitted for testing and determined to be methamphetamine.

{¶ 9} Appellant was indicted on six charges: trafficking, a felony of the second degree, in violation of R.C. 2925.03(A)(2), along with a one-year firearm specification; drug possession, a felony of the second degree, in violation of R.C.

2925.11, along with a one-year firearm specification; having weapons while under a disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3); carrying a concealed weapon, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2); improper handling of a firearm in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B); and possession of criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24.

{¶ 10} Appellant elected to have a jury trial on all charges except for the having-weapons-while-under-a-disability count, which was tried to the court. At trial, the state presented the testimony of Myno Reed, the prior owner of the vehicle appellant was driving, Ofc. Schuld, Ofc. Thomas Desmarteau, who tested the firearms in this matter, Ofc. Mindlin, Edgar Andrus, a forensic scientist at the Cuyahoga County Regional Forensic Science Laboratory, and Det. Norman Kekic, who investigated the case.

{¶ 11} The jury found appellant guilty of all charges, and the court found him guilty of the remaining charge. At sentencing, the court determined that Counts 1 and 2 merged and that Counts 3, 4, and 6 merged. The court imposed a sentence on Count 1 (trafficking), Count 5 (possession of criminal tools), and Count 6 (having weapons while under a disability).

{¶ 12} The court advised appellant that Count 1 was a qualifying felony under the Reagan Tokes Law and sentenced him to a minimum term of two years with a maximum term of three years. He was further sentenced to one year on the firearm specification, to be served consecutively to his sentence on Count 1. The court

imposed six months on Count 5 and nine months on Count 6, to be served concurrently with Count 1. Appellant was also serving a nine-month prison term in another case that the court determined was to run consecutively to the sentence in this matter for a total prison sentence of three years and nine months to four years and nine months.

{¶ 13} Taylor then filed the instant appeal, raising eight assignments of error for our review:

> 1. It was plain error and the appellant's state and federal constitutional right to the effective assistance of counsel was violated when evidence was admitted without objection in violation of Evidence Rules 401, 402, 403, and 404.
>
> 2. Appellant was deprived of his state and federal constitutional rights to due process, a fair trial and effective assistance of counsel where the jury was permitted to return verdicts based on charges different than those found by the grand jury.
>
> 3. The trial court erred by denying appellant's motion for mistrial and by emphasizing the inadmissible other act evidence through a curative instruction in violation of appellant's federal and state constitutional right to a fair trial and due process.
>
> 4. Appellant's convictions were not supported by sufficient evidence and the trial court erred by denying his motion for acquittal.
>
> 5. The convictions were against the manifest weight of the evidence.
>
> 6. Appellant was deprived of a fair trial where the jury heard inadmissible prejudicial hearsay testimony without a curative instruction and the court allowed law enforcement to vouch for the credibility of the non-testifying witness.
>
> 7. Appellant's state and federal constitutional right to effective assistance of counsel was violated because counsel did not file a motion to suppress.

8.  The trial court erred by imposing an indefinite sentence pursuant to the Reagan Tokes Act because it is unconstitutional.

## II. Law and Argument

### A. Admission of Evidence – Ineffective Assistance of Counsel and Plain Error

{¶ 14} In his first assignment of error, appellant argues that evidence of irrelevant other acts was admitted at trial — in particular, testimony regarding the presence of debit cards, credit cards, and a checkbook in other people's names.  He contends that this evidence was admitted to allow the jury to infer that appellant had bad character, in violation of Evid.R. 404(B).  He acknowledges that his trial counsel failed to object to this evidence, but argues that this amounts to ineffective assistance of counsel.

> "[A] reviewing court's analysis is generally limited to reviewing issues raised on appeal solely for plain error or defects affecting a defendant's substantial rights pursuant to Crim.R. 52(B). *State v. Tisdale*, 8th Dist. Cuyahoga No. 74331, 1998 Ohio App. LEXIS 6143 (Dec. 17, 1988).  The plain error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice.  *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983).  Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different.  *Id.*"

*State v. Bell*, 8th Dist. Cuyahoga No. 106842, 2019-Ohio-340, ¶ 61, quoting *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 8 (8th Dist.).

{¶ 15} "The admissibility of other-acts evidence under Evid.R. 404(B) is a question of law" that we review de novo.  *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, ¶ 22.  However, "the trial court's weighing of the probative value of admissible evidence against the danger of unfair prejudice to the

defendant under Evid.R. 403(A) involves an exercise of judgment[.]" *State v. Kamer*, 6th Dist. Wood No. WD-20-084, 2022-Ohio-2070, ¶ 132, citing *State v. Worley*, 164 Ohio St.3d 589, 2021-Ohio-2207, 174 N.E.3d 754, ¶ 117, citing *Hartman* at ¶ 30. "[S]o we review that decision for an abuse of discretion." *Id.*, citing *id.* An abuse of discretion occurs where "'the trial court's attitude, in reaching its decision, was arbitrary, unreasonable, or unconscionable.'" *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 34, quoting *Celmer v. Rodgers*, 114 Ohio St.3d 221, 2007-Ohio-3697, 871 N.E.2d 557, ¶ 19.

{¶ 16} Evid.R. 404(B)[1] provides:

(B) Other crimes, wrongs or acts.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶ 17} Evid.R. 403(A) adds that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The exclusion of relevant evidence under Evid.R. 403(A) rests within the discretion of the trial court.

---

[1] This is the version of Evid.R. 404(B) in effect at the time of the trial. Mostly nonsubstantive changes to division (B) went into effect on July 1, 2022, and the quoted provision is now split between Evid.R. 404(B)(1) and (2).

*State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 107, citing *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus.

{¶ 18} "Evid.R. 404(B) categorically prohibits evidence of a defendant's other acts when its only value is to show that the defendant has the character or propensity to commit a crime." *State v. Smith*, 162 Ohio St.3d 353, 2020-Ohio-4441, 165 N.E.3d 1123, ¶ 36, citing *Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, at ¶ 22. "Other-acts evidence may, however, be admissible for another non-character-based purpose, such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id.*, quoting *id.* "'The key is that the evidence must prove something other than the defendant's disposition to commit certain acts.'" *Id.*, quoting *id.*

{¶ 19} "The threshold question is whether the evidence is relevant." *Smith* at ¶ 37, citing *Hartman* at ¶ 24; Evid.R. 401; *see also State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20. "[T]he problem with other-acts evidence is rarely that it is irrelevant; often, it is too relevant." *Smith* at ¶ 37, citing *Hartman* at ¶ 25; *see* 1A Wigmore, *Evidence*, Section 58.2, at 1212 (Tillers Rev.1983). For purposes of Evid.R. 404(B), "the relevance examination asks whether the proffered evidence is relevant to the particular purpose for which it is offered, as well as whether it is relevant to an issue that is actually in dispute." *Id.*, citing *Hartman* at ¶ 26-27; *see also Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

{¶ 20} If the court determines that the evidence is probative of an issue in the case and is not based upon improper character inferences, the next question is whether the value of the evidence "'is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.'" *Smith* at ¶ 38, quoting Evid.R. 403(A); *Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, at ¶ 29. "Because other-acts evidence "'almost always carries some risk that the jury will draw the forbidden propensity inference,'" courts should be vigilant in balancing the prejudicial impact of the evidence against its probative value." *Id.*, quoting *Hartman* at ¶ 33, quoting *United States v. Gomez*, 763 F.3d 845, 857 (7th Cir.2014) (en banc).

{¶ 21} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To determine whether counsel was ineffective, appellant must show that: (1) counsel's performance was deficient, in that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense in that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland.*

{¶ 22} In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301, 209 N.E.2d 164 (1965). In evaluating whether a petitioner has been denied the effective assistance of counsel, the Supreme Court of Ohio held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

{¶ 23} When making that evaluation, a court must determine whether there has been a substantial violation of any of defense counsel's essential duties to his client and whether the defense was prejudiced by counsel's ineffectiveness. *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976); *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show that a defendant has been prejudiced, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Bradley* at paragraph three of the syllabus; *Strickland*.

{¶ 24} Part of appellant's strategy at trial was to argue that it was not his vehicle and that other individuals were associated with the vehicle. Thus, it could have been defense counsel's trial strategy to not object to the testimony regarding the debit cards, credit cards, and checkbook that did not belong to appellant. They could also have belonged to other people, which is what appellant argued about the drugs and the firearms.

{¶ 25} "[T]his court will not second-guess what could be considered to be a matter of trial strategy." *State v. Gray*, 8th Dist. Cuyahoga No. 83097, 2004-Ohio-

1454, ¶ 54, citing *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). The failure to object is not a per se indicator of ineffective assistance of counsel because counsel may refuse to object for tactical reasons. *State v. Wright*, 8th Dist. Cuyahoga No. 92344, 2009-Ohio-5229, ¶ 45, citing *State v. Gumm*, 73 Ohio St.3d 418, 428, 653 N.E.2d 253 (1995).

{¶ 26} The record in this case with regard to trial counsel's actions fails to demonstrate that his performance fell below an objective standard of reasonableness. In addition, appellant has not demonstrated that the admission of the evidence relating to the credit cards, debit cards, and checkbook belonging to other people affected his substantial rights or that the outcome of the case would have been different. Accordingly, appellant's first assignment of error is overruled.

### B. Jury Verdicts – Ineffective Assistance of Counsel

{¶ 27} In his second assignment of error, appellant argues that he received ineffective assistance of counsel when the jury was permitted to return verdicts based upon charges different from those found by the grand jury. Specifically, appellant contends that he was indicted on charges of possession and trafficking of methamphetamine, and the state presented evidence and told the jury that they could find appellant guilty if they believed he had possessed and sold marijuana.

{¶ 28} Appellant points to his trial counsel's closing argument where he stated that the jury was "free to hold [his] client responsible for the marijuana found in the vehicle." He told the jury that they were "free to judge [appellant] for possessing and having marijuana in his car," but that they could not "hold him

responsible for the [guns or the] methamphetamine because he did not know they were in that car." Appellant asserts that the state then argued that appellant was guilty of drug trafficking because of the presence of the marijuana and the fact that it was individually packaged for sale.

{¶ 29} We agree that the prosecutor may have misled the jury in his closing argument since appellant's drug charges related to only the methamphetamine, not marijuana. Generally, Ohio courts allow prosecutors considerable latitude in closing arguments and they may comment freely on "'what the evidence has shown and what reasonable inferences may be drawn therefrom.'" *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990), quoting *State v. Stephens*, 24 Ohio St.2d 76, 82, 263 N.E.2d 773 (1970). Nevertheless, they must "'avoid insinuations and assertions calculated to mislead[.]'" *State v. Peterson*, 8th Dist. Cuyahoga Nos. 100897 and 100899, 2015-Ohio-1013, ¶ 110, quoting *Lott* at 166. Courts must review the prosecutor's statement within the context of the entire trial, rather than take the comments out of context and give them their most damaging meaning. *State v. Williams*, 8th Dist. Cuyahoga No. 97039, 2012-Ohio-1741, ¶ 12, citing *State v. Hill*, 75 Ohio St.3d 195, 204, 661 N.E.2d 1068 (1996).

{¶ 30} "A misstatement of law by the prosecutor is harmless error if the trial court correctly instructs the jury as to the law." *State v. Deanda*, 2014-Ohio-3668, 17 N.E.3d 1232, ¶ 48 (3d Dist.), citing *State v. Carter*, 72 Ohio St.3d 545, 651 N.E.2d 965 (1995). In its initial instructions to the jury, the court stated:

You must accept and follow the law as I state it to you whether or not you agree with the law. If anything concerning the law said by the attorneys and their argument or any time during the trial conflicts with my instruction of the law, you must follow my instructions.

{¶ 31} With regard to the possession and trafficking charges, the court read the indictment to the jury and stated as follows with regard to Counts 1 and 2:

Count 1, trafficking. The Defendant, Jo Donta Taylor, is charged with trafficking in violation of Revised Code 2925.03(A)(2) in count 1 of the indictment.

* * *

Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 31st day of March, 2021 and in Cuyahoga County, Ohio the Defendant did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance or a controlled substance analog when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or release by the offender or another person and the drug involved in the violation is any compound, mixture, preparation or substance included in schedule I or schedule II, to-wit; methamphetamine, a schedule II drug and the amount of the drug involved equals or exceeds five times the bulk amount, but is less than 50 times the bulk amount.

* * *

If your verdict is guilty of trafficking as charged in count 1 of the indictment, you will continue your deliberations and make an additional finding as to whether the amount of methamphetamine included in this case was or was not in an amount that equals or exceeds five times the bulk amount, but is less than 50 times the bulk amount and indicate such findings on the further finding verdict form.

* * *

Count 2, drug possession. The Defendant, Jo Donta Taylor, is charged with drug possession in violation Revised Code Section 2925.11(A) in count 2 of the indictment.

Before you can find the Defendant guilty of drug possession, you must find beyond a reasonable doubt that on or before the 31st day of March, 2021 and in Cuyahoga County, Ohio, the Defendant did knowingly obtain, possess, or use a controlled substance or controlled substance analog and the drug involved in the violation is a compound, mixture, preparation or substance included in schedule I or schedule II; to-wit methamphetamine, a schedule II drug, and the amount of the drug involved equals or exceeds five times the bulk amount, but is less than 50 times the bulk amount.

* * *

If you[r] verdict is guilty of drug possession as charged in count 2 of the indictment, you will continue your deliberations and make an additional finding as to whether the amount of methamphetamine involved in this case was or was not an amount that equals or exceeds five times the bulk amount but is less than 50 times the bulk amount and indicate such findings on the further finding verdict form.

{¶ 32} The court further read the verdict forms with regard to Counts 1 and 2:

Count 1 reads, "We the jury in this case, being duly empaneled and sworn, do find the Defendant, Jo Donta Taylor," and you would write "guilty" or "not guilty of trafficking in violation of 2925.03(A)(2) of the Ohio Revised Code as charged in count 1 of the indictment." This needs to be signed by all 12 members of the jury.

If you find the Defendant guilty in the above, you will then consider and complete the following further finding specifications and forfeitures. "We the jury in this case find the Defendant, Jo Donta Taylor, is guilty of trafficking and we further find that the amount of the controlled substance in count 1; to-wit, methamphetamine was or was not in an amount that equals or exceeds five times the bulk amount, but is less than 50 times the bulk amount" and that needs to be signed by all 12 members.

* * *

Count 2 reads, "We the jury in this case, being duly empaneled and sworn, do find the Defendant, Jo Donta Taylor," you would put "guilty" or "not guilty of drug possession in violation of 2925.11(A) of the Ohio Revised Code as charged in count 2 of the indictment."

If you find the Defendant guilty in the above, you will then consider and complete the following further findings. Again, this needs to be signed by all 12 members.

Further findings, "We the jury in this case find the Defendant, Jo Donta Taylor, is guilty of drug possession and we further find the amount of the controlled substance in count 2; to-wit, methamphetamine" you will put "was" or "was not in the amount that equal or exceeds five times the bulk amount, but less than 50 times the bulk amount" and you would sign this with all 12 members.

{¶ 33} Appellant does not dispute that the instructions given by the court were a correct statement of the law. The instructions and the verdict forms clearly referred only to methamphetamine.

{¶ 34} "The test for prosecutorial misconduct during closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights." *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 198, citing *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). We must look at the entire closing argument to determine whether it deprived appellant of a fair trial or prejudiced him. *State v. Morton*, 8th Dist. Cuyahoga No. 109200, 2021-Ohio-581, ¶ 25, citing *Were* at *id*.

{¶ 35} In the overall context of closing arguments, and given that the trial court correctly instructed the jury as to the drug charges, we find that the prosecutor's statements did not prejudicially affect a substantial right of appellant. There is no probability that his statements """so infected the trial with unfairness as to make the resulting convictions a denial of due process."" *State v. Kirkland*, 160 Ohio St.3d 389, 2020-Ohio-4079, 157 N.E.3d 716, ¶ 115, quoting *Darden v.*

*Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

{¶ 36} Appellant's second assignment of error is overruled.

### C. Mistrial

{¶ 37} In his third assignment of error, appellant argues that the trial court erred in denying his motion for mistrial and by emphasizing the other acts evidence through a curative instruction. Appellant contends that Det. Kekic was allowed to testify that appellant was stopped in the same vehicle — the Infiniti — in June 2021 in Middleburg Heights. Appellant objected to this testimony.

{¶ 38} The decision to grant or deny a motion for mistrial lies within the sound discretion of the trial court. *State v. Miller*, 8th Dist. Cuyahoga No. 100461, 2014-Ohio-3907, ¶ 36, citing *State v. Garner*, 74 Ohio St.3d 49, 656 N.E.2d 623 (1995). We will not disturb that "exercise of discretion absent a showing that the accused has suffered material prejudice." *Id.*, citing *Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343. A mistrial is only warranted when "the ends of justice so require and 'a fair trial is no longer possible.'" *Id.*, quoting *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991).

{¶ 39} "In determining whether a mistrial is necessary, the exercise of 'sound discretion' generally requires that a trial court (1) allow both parties to state their positions on the issue, (2) consider their competing interests, and (3) explore reasonable alternatives, if any, before declaring a mistrial." *State v. Bogan*, 8th Dist. Cuyahoga No. 106183, 2018-Ohio-4211, ¶ 25, citing *N. Olmsted v. Himes*, 8th Dist.

Cuyahoga Nos. 84076 and 84078, 2004-Ohio-4241, ¶ 44. "A trial court must act 'rationally, responsibly, and deliberately' in determining whether to declare a mistrial." *Id.*, quoting *State v. Gunnell*, 132 Ohio St.3d 442, 2012-Ohio-3236, 973 N.E.2d 243, ¶ 33.

{¶ 40} Appellant placed on the record his objection to testimony regarding appellant's additional traffic stop in the Infiniti and concluded by stating that he was going to be moving for a mistrial. He argued that appellant was prejudiced by testimony relating to the traffic stop because it constituted improper evidence of additional bad acts by appellant. He further contended that he should have been able to object to the testimony outside of the presence of the jury.

{¶ 41} The state responded that appellant opened the door to such evidence by arguing that the car did not belong to him and that he owned nothing in the vehicle. He had specifically raised the presence of the woman's purse in the vehicle, maintaining that everything in the vehicle belonged to Reed as the actual owner of the vehicle.

{¶ 42} The record reflects that the trial court heard competing positions from the state and defense regarding the testimony. After consideration, the trial court determined that a curative instruction was appropriate and provided as follows:

> First, I want to address testimony you heard yesterday.
>
> Ladies and gentlemen, you did hear yesterday that [appellant] was stopped in Middleburg Heights on June 22nd of 2021. You are to infer nothing from this other than he was operating the motor vehicle in question on that date. Okay?

Appellant maintained that he still objected even with the curative instruction. However, "[t]his court has explained that '[c]urative instructions have been recognized as an effective means of remedying errors or irregularities that occur during trial.'" *State v. Solomon*, 8th Dist. Cuyahoga No. 109535, 2021-Ohio-940, ¶ 94, quoting *State v. Williams*, 8th Dist. Cuyahoga No. 94242, 2010-Ohio-5484, ¶ 21.

{¶ 43} While testimony regarding the subsequent traffic stop may have implied that appellant committed an additional "bad act," the state did not introduce this evidence to show appellant's character and that he acted in conformity therewith. Rather, the testimony was to show that appellant had used the vehicle on more than one occasion. In addition, the testimony simply noted that appellant was stopped while driving the vehicle. Nothing was stated about the reason for the stop or any other conduct by appellant.

{¶ 44} Appellant further argues that the court erred by giving the curative instruction because it emphasized the other act evidence of the subsequent traffic stop. We find the curative instruction appropriate in this case because it instructed the jury to focus on the purpose of the evidence — that appellant had access to and had driven the vehicle after Reed had retrieved the vehicle from the impound lot. This court has held that "[w]here the trial court has sustained an objection and provided a curative instruction to the jury, we must presume the jury followed the trial court's instruction." *State v. Sailor*, 8th Dist. Cuyahoga No. 83552, 2004-Ohio-5207, ¶ 34. Nothing in the record rebuts that presumption.

{¶ 45} Accordingly, we cannot find that the trial court erred in declining to declare a mistrial or administering the curative instruction. Appellant's third assignment of error is overruled.

## D. Sufficiency of the Evidence

{¶ 46} In his fourth assignment of error, appellant argues that there was insufficient evidence to support any of his convictions. He asserts that there was no fingerprint or DNA evidence connecting him to the guns or methamphetamine found in the car. He further contends that the state was permitted to present statements made by the passenger when that passenger did not testify and was not subject to cross-examination.

{¶ 47} Where a party challenges the sufficiency of the evidence supporting a conviction, a determination of whether the state has met its burden of production at trial is conducted. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). An appellate court reviewing sufficiency of the evidence must determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. With a sufficiency inquiry, an appellate court does not review whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist.

Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387. A sufficiency of the evidence argument is not a factual determination, but a question of law. *Id.*

{¶ 48} Appellant argues that there is no fingerprint or DNA evidence connecting him to the guns or methamphetamine found in the vehicle. However, as we have noted, Ohio law does not require forensic evidence to sustain a conviction. *State v. Jones*, 8th Dist. Cuyahoga No. 108894, 2020-Ohio-4915, ¶ 39. "This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990).

{¶ 49} Appellant further contends that the police did not thoroughly investigate the case. However, as stated by the Supreme Court of Ohio:

> Appellant essentially argues that the state's evidence could have and should have been better than it was. Even if that is true, however, the state need only have had sufficient evidence, not the best possible evidence, to survive a challenge on insufficiency grounds. *State v. Dye*, 9th Dist. Summit No. 17763, 1997 Ohio App. LEXIS 873, *8 (Mar. 12, 1997), *rev'd on other grounds*, 82 Ohio St.3d 323, 695 N.E.2d 763 (1998).

*State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 166.

{¶ 50} As noted above, "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Id.* at ¶ 167, citing *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the

syllabus. Here, there was sufficient evidence, including the evidence of ongoing drug trafficking, appellant's additional use of the vehicle and his attempted flight, to support appellant's convictions. This evidence, if believed, would have convinced the average mind that appellant was guilty beyond a reasonable doubt.

{¶ 51} Appellant's fourth assignment of error is overruled.

### E. Manifest Weight of the Evidence

{¶ 52} In his fifth assignment of error, appellant argues that his convictions were against the manifest weight of the evidence. He asserts that the testimony of Reed, the prior owner of the Infiniti, was "inconsistent and suspicious." In addition, he contends that the police investigation was insufficient, in particular the fact that they failed to fingerprint anyone in the case.

{¶ 53} A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A reversal on the basis that a verdict is against the manifest weight of the evidence is granted "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶ 54} Appellant argues that the testimony of Reed lacked credibility because "[i]t is unclear why she would claim [that] she had sold the car in 2020 when the evidence establishes that she retrieved it with the title from police custody in 2021."

{¶ 55} On cross-examination, appellant's trial counsel asked Reed about picking up the Infiniti from the impound lot. She stated that she had received a letter in the mail stating the car was in the impound. Reed was shown Exhibit B, which was the vehicle inventory report from the city of Parma, which Reed had received when she went to pick up the vehicle. She confirmed that she was listed on the report as the owner of the vehicle.

{¶ 56} Reed had previously testified on direct examination that her boyfriend had sold the vehicle and that she had not gone to the sale and did not know how much money her boyfriend made on the sale. She further testified that she did not know appellant and had not left any firearms, marijuana, or methamphetamine in the vehicle.

{¶ 57} We find no merit to this assignment of error. As this court has previously stated:

> The criminal manifest weight of-the-evidence standard addresses the evidence's effect of inducing belief. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541 (1997). Under the manifest weight-of-the-evidence standard, a reviewing court must ask the following question: whose evidence is more persuasive — the state's or the defendant's? *Wilson* at *id*. Although there may be legally sufficient evidence to support a judgment, it may nevertheless be against the manifest weight of the evidence. *Thompkins* at 387; *State v. Johnson*, 88 Ohio St.3d 95, 2000-Ohio-276, 723 N.E.2d 1054 (2000).
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Wilson* at *id*., quoting *Thompkins* at *id*. Reversal on manifest weight grounds is reserved for

the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at *id*.

*State v. Williams*, 8th Dist. Cuyahoga No. 108275, 2020-Ohio-269, ¶ 86-87.

{¶ 58} When sitting as the "thirteenth juror" analyzing a manifest weight argument, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and, in resolving conflicts in the evidence, determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the verdict must be reversed and a new trial ordered. *Cleveland v. Yontosh*, 8th Dist. Cuyahoga No. 99076, 2013-Ohio-3137, ¶ 10, citing *State v. Caraballo*, 8th Dist. Cuyahoga No. 89775, 2008-Ohio-5248.

{¶ 59} With regard to Reed's testimony, we acknowledge that it is unclear how Reed could have sold the Infiniti yet remained the registered owner of the vehicle. However, whether the sale of the Infiniti had been properly recorded, why Reed was still listed as the owner of the vehicle, and whether the proper procedure was filed in returning the vehicle to Reed are not questions before us.

{¶ 60} Although the reviewing court considers the credibility of witnesses in a challenge to the manifest weight of the evidence, it does so "with the caveat that the trier of fact is in the best position to determine a witness'[s] credibility through its observation of his or her demeanor, gestures, and voice inflections." *State v. Campbell*, 8th Dist. Cuyahoga Nos. 100246 and 100247, 2014-Ohio-2181, ¶ 39.

> "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of

appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility."

*State v. Robinson*, 8th Dist. Cuyahoga No. 99290, 2013-Ohio-4375, ¶ 56, quoting *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 Ohio App. LEXIS 3709 (Aug. 22, 1997). A factfinder is free to believe all, some, or none of the testimony of each witness appearing before it. *State v. Ellis*, 8th Dist. Cuyahoga No. 98538, 2013-Ohio-1184, ¶ 18.

{¶ 61} Moreover, "'a conviction is not against the manifest weight of the evidence simply because the [factfinder] rejected the defendant's version of the facts and believed the testimony presented by the state.'" *State v. Jallah*, 8th Dist. Cuyahoga No. 101773, 2015-Ohio-1950, ¶ 71, quoting *State v. Hall*, 4th Dist. Ross No. 13CA3391, 2014-Ohio-2959, ¶ 28.

{¶ 62} In reviewing the entire record, we cannot say that any issues with Reed's credibility caused the jury to lose its way and created a manifest miscarriage of justice.

{¶ 63} The remainder of appellant's assertions under this assignment of error simply reference the arguments raised in his first assignment of error regarding sufficiency of the evidence. However, "sufficiency" and "manifest weight" challenges present two distinct legal concepts. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 23. App.R. 16(A) requires a party to separately argue each assignment of error. *See Cleveland v. Hall*, 8th Dist. Cuyahoga No. 101820, 2015-Ohio-2698, ¶ 14, citing App.R. 16(A)(7) (overruling

appellant's assignment of error relating to a sufficiency challenge pursuant to App.R. 16(A)(7) because the appellant did not make a specific argument regarding why the convictions were not supported by sufficient evidence and only addressed the issues relating to the manifest-weight challenge). Pursuant to App.R. 12(A)(2), an appellate court may disregard any assignment of error, or portion thereof, if the appellant fails to make a separate argument. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 55.

{¶ 64} Appellant's fifth assignment of error is overruled.

### F. Hearsay Testimony

{¶ 65} In his sixth assignment of error, appellant argues that the jury heard inadmissible hearsay evidence and that one of the officers who testified vouched for the credibility of a nontestifying witness.

{¶ 66} Appellant points to the testimony of Ofc. Mindlin, who testified that Brown, the passenger, "advised [him] that [appellant] was his drug dealer." Appellant's trial counsel objected, which was sustained, but there was no curative instruction given (or asked for). Ofc. Mindlin further testified that Brown was not arrested or charged because "he was honest" and appellant never stated that the guns belonged to Brown.

{¶ 67} This court has held that it is improper for a witness to vouch for the credibility of another witness. *State v. Young*, 8th Dist. Cuyahoga No. 79243, 2002-Ohio-2744 (holding that it was plain error when a detective testified that a witness was "telling the truth"). An officer is not vouching for witness credibility, however,

by explaining the investigative procedure he followed. *State v. Monroe*, 8th Dist. Cuyahoga No. 94768, 2011-Ohio-3045, ¶ 34 (finding the detective's testimony that defendant's comment was inconsistent with other evidence did not invade the province of the jury); *see also State v. Smith*, 8th Dist. Cuyahoga No. 95243, 2011-Ohio-3051 (finding that the detective's testimony that one statement corroborated another is not to say that either was true, but rather that they were consistent).

{¶ 68} Ofc. Mindlin was not vouching for Brown's credibility but was explaining his investigation, and thus his testimony was proper. Accordingly, appellant's sixth assignment of error is overruled.

## G. Ineffective Assistance of Counsel – Failure to File Motion to Suppress

{¶ 69} In his seventh assignment of error, appellant contends that he received ineffective assistance of counsel when his trial counsel failed to file a motion to suppress evidence arising from the traffic stop and subsequent search.

{¶ 70} The failure to file a motion to suppress is not per se ineffective assistance of counsel. *See, e.g., State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 31; *State v. Watts*, 8th Dist. Cuyahoga No. 104188, 2016-Ohio-8318, ¶ 17, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). Rather, a trial counsel's failure to file a motion to suppress constitutes ineffective assistance of counsel only if there is a reasonable probability that, had the motion to suppress been filed, it would have been granted and that suppression of the challenged evidence would have affected the outcome of the case. *State v. Frierson*,

2018-Ohio-391, 105 N.E.3d 583, ¶ 17 (8th Dist.). Counsel is not required to file a motion to suppress if doing so would be a futile act. *See, e.g., Musleh* at ¶ 31; *State v. Armstrong*, 8th Dist. Cuyahoga No. 103088, 2016-Ohio-2627, ¶ 30.

{¶ 71} In this case, Ofc. Mindlin testified that he observed heavy tint on the vehicle's windows and that the license plate in the window was unreadable due to the dark tint. Det. Kekic testified that the level of window tint was "28 percent," which relates to how much light can get through the window; the legal limit is 70 percent. He stated that the window tint level on the vehicle appellant was driving would be a valid reason for a traffic stop.

{¶ 72} The state contends that appellant's trial counsel was provided with discovery that included evidence not presented at trial, such as police reports and officer body-camera video. In viewing such evidence, the state maintains that trial counsel would have been able to determine that there was sufficient probable cause to stop and search the vehicle. In addition, the state asserts that appellant's counsel could have been exercising trial strategy by denying ownership of the safe, thereby not having standing to challenge the search.

{¶ 73} While the evidence referred to by the state is not before us and thus cannot be considered, we still find that appellant's trial counsel was not ineffective in declining to file a motion to suppress. There was clear testimony that Ofc. Mindlin observed a traffic violation in that the windows were tinted too dark. This court has held that window-tint violations provide reasonable suspicion or probable cause for a traffic stop. *See, e.g., State v. Bowie*, 8th Dist. Cuyahoga No. 88857, 2007-Ohio-

4297, ¶ 9 (police had probable cause for traffic stop to determine whether car windows were illegally tinted); *State v. Knox*, 8th Dist. Cuyahoga Nos. 98713 and 98805, 2013-Ohio-1662 (same); *Richmond Hts. v. Williams,* 8th Dist. Cuyahoga No. 73500, 1998 Ohio App. LEXIS 5572, 6 (Nov. 15, 1998) (police had probable cause for traffic stop based on reasonable suspicion of excessive window tinting); *Cleveland v. Davis*, 8th Dist. Cuyahoga No. 106780, 2018-Ohio-4706, ¶ 5 (traffic stop for window-tint violation was valid); *In re Coleman*, 8th Dist. Cuyahoga No. 65459, 1993 Ohio App. LEXIS 6311, 6 (Dec. 30, 1993) (lawful traffic stop for violation of municipal ordinance prohibiting tinted windows).

{¶ 74} In addition, with regard to the safe, the Supreme Court of Ohio has held that the discovery of other indicia of criminal activity in the vehicle during a search gives rise to probable cause to search other areas of the vehicle, including containers that could contain contraband. *State v. Vega*, 154 Ohio St.3d 569, 2018-Ohio-4002, 116 N.E.3d 1262, ¶ 20; *State v. Taylor*, 2020-Ohio-5079, 161 N.E.3d 844, ¶ 15 (8th Dist.) (en banc). Ofc. Mindlin had probable cause to search the vehicle based upon the odor of marijuana and his observation of "shake" in the vehicle. Once inside the vehicle, he observed further indicia of criminal activity, thus constituting probable cause to open the safe.

{¶ 75} Appellant's trial counsel was not ineffective in declining to file a motion to suppress evidence. Appellant's seventh assignment of error is overruled.

## H. Reagan Tokes Law

{¶ 76} In appellant's eighth assignment of error, he contends that his indefinite sentence under the Reagan Tokes Law was unconstitutional, citing our decisions in *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.); and *State v. Sealey*, 2021-Ohio-1949, 173 N.E.3d 894 (8th Dist.).

{¶ 77} This court has conducted en banc review of the constitutionality of the Reagan Tokes Law. *See State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.). In *Delvallie*, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional." *Delvallie* at ¶ 17. This court vacated the decisions cited by appellant and overruled the separation-of-powers, right to jury trial, and due process challenges presented by appellant and consequently, we need not dwell on them.

{¶ 78} Pursuant to *Delvallie*, appellant's eighth assignment of error is overruled. The trial court did not err in imposing an indefinite prison sentence for appellant's qualifying offenses.

## III. Conclusion

{¶ 79} All of appellant's assignments of error are overruled. His convictions were supported by sufficient evidence and not against the manifest weight of the evidence. Further, appellant did not receive ineffective assistance of counsel, and the trial court did not err in its admission of testimony or giving a curative

instruction. Finally, appellant's sentence was properly imposed under the Reagan Tokes Law.

{¶ 80} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR